THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUCAS VEVERKA and YEVGENIYA BEREZOVSKY VEVERKA,

Plaintiffs,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendant.

CASE NO. C24-1382-JCC

ORDER

This matter comes before the Court on Plaintiffs' motion to compel (Dkt. No. 23). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

I.  BACKGROUND

This is an insurance recovery and bad faith action involving fire damage to Plaintiffs' home. (*See* Dkt. No. 18 at 2.) In an amended complaint, they assert the following regarding Defendant's claim handling: (1) breach of contract; (2) failure to act in good faith; (3) violation of Washington's Consumer Protection Act; (3) negligent claims handling; and (4) violation of Washington's Insurance Fair Conduct Act. (*Id.* at 6–10.) The discovery cutoff is September 22, 2025. (Dkt. No. 10.) The dispute now at issue relates to Plaintiffs' requests for production ("RFPs") 4 and 12. (*See* Dkt. No 23 at 2.) Defendant contends the material sought is confidential

1 and irrelevant and, on this basis, refused to produce any documents. (*See* Dkt. No. 24-1 at 16–17, 21.) After a meet and confer and e-mails regarding the same, (*see* Dkt. Nos. 26 at 2, 26-7 at 2–5), Plaintiffs moved to compel (Dkt. No. 23).

## II. DISCUSSION

### A. Legal Standard

If requested discovery is withheld inappropriately or goes unanswered, the requesting party may move to compel. *See* Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to decide whether to grant such a motion. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). And relevant information need not be admissible but must be reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *see Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

### B. RFPs 4 and 12

RFP 4 seeks all agreements and guidelines for every person that is "not a direct employee" of Defendant but "has taken any action or had any role or responsibility" regarding Plaintiffs' claim. (Dkt. No. 24 at 16.) Similarly, RFP 12 seeks all agreements that relate to Plaintiffs' claim "with any entity or person providing consulting or independent adjusting services." (*Id.* at 21.) Defendant argues that it need not produce such materials because they are (i) confidential and (ii) irrelevant to Plaintiffs' case. (*See* Dkt. No. 25 at 9–12.) Plaintiffs maintain otherwise. (Dkt. No. 23 at 6). As described below, the Court agrees with Plaintiffs.

#### i. Confidentiality Objections

First, this Court, like many others, commonly rejects confidentiality objections to discovery requests. *See, e.g., Madrid v. CertainTeed, LLC*, 2021 WL 3367253, slip op. at 3 (W.D. Wash. 2021); *see also Herbalife Int'l of Am., Inc. v. Kamel*, 2023 WL 6193006, slip op. at 5 (C.D. Cal. 2023) (explaining that the fact that materials contain proprietary information "does

not shield the documents from discovery") (internal quotations and citation omitted); *Stubborn Mule LLC v. Grey Ghost Precision, LLC*, 2024 WL 625379, slip op. at 6 (D. Idaho 2024) (ordering a party to provide confidential information and noting that the protective order in place would already protect such confidential information). And here, it appears undisputed that the March 2025 stipulated protective order (Dkt. No. 21) controls the dissemination of confidential and proprietary information. As such, Defendant's confidentiality argument is not a persuasive one. The Court finds no valid confidentiality concern that warrants withholding the requested materials.

> ii. Relevancy Objections

Second, the Court finds the materials at issue to be relevant and proportional to Plaintiffs' discovery needs. Plaintiffs allege, among other facts, that Defendant conducted an inadequate investigation into their insurance claim and used deceptive practices in adjusting their claim. (*See* Dkt. No. 18 at 3–4.) Because Defendant contracted with third parties to assist in its investigation and adjustment, many aspects of Defendant's relationship with these parties are relevant because they may result in the discovery of admissible evidence. The requested materials may, for instance, inform Plaintiffs about Defendant's investigation, its relationship with the third parties (including how they were incentivized), and Defendant's claim-handling practices more generally. Moreover, any argument regarding proportionality is a red herring because, without seeing those agreements, it cannot be said what portion of the documents may impact Plaintiffs' case. And they are easily produced by Defendant—there is little to any burden to do so.

**C.     Attorney Fees**

"If [a discovery] motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Here, the Court finds that

Defendant's nondisclosure was not substantially justified, nor would other circumstances make such an award unjust. *See id.* 37(a)(5)(A)(ii), (iii). As such, Plaintiffs may present the Court with further argument supporting such an award, along with an accounting of their attorney fees. The submission shall not exceed six pages of argument. Defendant's objection to Plaintiffs' submission, also not to exceed six pages of argument, is due within seven days of service of Plaintiffs' submission.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to compel (Dkt. No. 23) and further orders that Defendant pay Plaintiffs' attorney fees in so moving.

DATED this 7th day of April 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE